**TEXACO REFINING AND MARKETING INC., a Delaware corporation, Plaintiff,**

v.

**Barry P. DAVIS, Defendant.**

**Civ. No. 93–481–FR.**

United States District Court, D. Oregon.

May 7, 1993.

Robert E. Maloney, Jr., James L. Robart, Lane Powell Spears Lubersky, Portland, OR, for plaintiff.

David S. Shannon, Thomas P. Walsh, Shannon, Johnson & Bailey, P.C., Portland, OR, for defendant.

## OPINION AND ORDER

FRYE, Judge:

Plaintiff, Texaco Refining and Marketing, Inc. (Texaco), brings this action for declaratory relief and specific performance against defendant, Barry P. Davis. The matter before the court is the motion of Davis for stay of preliminary injunction during pendency of appeal (# 44).

### BACKGROUND

Davis leases three Texaco-brand stations from Texaco in the State of Oregon. The stations are located in the City of Clackamas, at an interchange near Interstate 205; in the City of Salem, on Portland Road near Interstate 5; and in the City of Eugene, at an interchange near Interstate 5. The sales agreement between Davis and Texaco for the Salem and Eugene stations require Davis to keep those stations open 24 hours each day, seven day each week. The sales agreement between Davis and Texaco for the Clackamas station requires Davis to keep that station open 24 hours each day, every day except Saturday.

For a number of years, Davis operated the stations according to the time requirements in the leases. However, in October of 1992, Davis requested from Texaco that he be allowed to close his stations from sundown on Friday to sundown on Saturday in order to observe his Sabbath. Texaco refused but offered Davis several compromise solutions; however, the parties were unable to reach an agreement. Since January 1, 1993, Davis has closed his stations from sundown on Friday until sundown on Saturday.

On April 26, 1993, the court entered an order granting the motion of Texaco for a temporary restraining order to enjoin Davis from breaching the sales agreements at each of his service stations. On May 3, 1993, the court granted the motion of Texaco for a preliminary injunction, enjoining Davis from violating the requirements for hours of operations at the Salem, Eugene, and Clackamas stations. Davis now seeks a stay of the preliminary injunction while he appeals the order to the United States Court of Appeals for the Ninth Circuit.

### APPLICABLE LAW

Fed.R.Civ.P. 62(c) authorizes the court to suspend, modify, restore or grant an injunction during the pendency of an appeal. In addressing the motion for a stay pending appeal, the court examines the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987).

### RULING OF THE COURT

The court has already found 1) that Texaco, and not Davis, has made a strong showing of likelihood of success on the merits, and 2) that Texaco will suffer irreparable harm to its goodwill if Davis continues to close his stations from sundown Friday to sundown Saturday. Davis has shown that he will be harmed if the injunction is not stayed in that he will not be allowed to follow the will of God as he sees it. Davis has not demonstrated that this harm is irreparable however. Finally, the public interest favors the enforcement of contracts which are freely and voluntarily entered into between the parties.

### CONCLUSION

The motion of Davis for a stay of preliminary injunction during pendency of appeal (# 44) is DENIED.

IT IS SO ORDERED.