**OREGON NATURAL RESOURCES COUNCIL, et al., Plaintiffs,**

v.

**William M. DALEY, Secretary of Commerce; and Rolland A. Schmitten, Director, National Marine Fisheries Service, Defendants,**

v.

**STATE OF OREGON, Defendant–Intervenor.**

No. CV–97–1155–ST.

United States District Court,
D. Oregon.

July 2, 1998.

Karl G. Anuta, Larry N. Sokol & Associates P.C., Portland, OR, Michael R. Sherwood, Claudia Polsky, Earthjustice Legal Defense Fund, San Francisco, CA, for Plaintiffs.

Samuel D. Rauch, III, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for Defendants.

Barbara J. Gazeley, Dept. of Justice, Portland, OR, for Defendant–Intervenor.

## OPINION and ORDER

STEWART, United States Magistrate Judge.

### INTRODUCTION

On June 1, 1998, this court granted plaintiffs' motion for summary judgment and de-

nied federal defendants' and defendant-intervenor's motions for summary judgment. Opinion and Order filed June 1, 1998 (docket # 215 and docket # 216). This court's June 1, 1998 Judgment (docket # 217) required the federal defendants to issue a final rule consistent with this court's Opinion no later than July 2, 1998. On June 25, 1998, this court granted federal defendants' motion for an extension of that deadline to August 3, 1998 (docket # 245).

Now before this court is defendant-intervenor's Motion for a Stay of Judgment Pending Oregon's Appeal to the Ninth Circuit (docket # 230). For the reasons set forth below, that motion is denied.

## LEGAL STANDARD

■ Pursuant to FRCP 62, a party may move for a stay of judgment pending appeal. To justify a stay, a party must demonstrate that each of the following four factors weighs in its favor: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Texaco Refining & Mktg., Inc. v. Davis,* 819 F.Supp. 1485, 1486 (D.Or.1993), quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

## DISCUSSION

Defendant-intervenor State of Oregon ("Oregon") moves for a stay pending appeal arguing that all four factors weigh heavily in its favor because: (1) this court erred in several respects in its Opinion; (2) this court's Judgment will inhibit the effectiveness of the Oregon Coastal Salmon Restoration Initiative ("OCSRI"); (3) the Oregon Coast evolutionarily significant unit of coho salmon ("Oregon Coast ESU") will ultimately be harmed because of this court's Opinion; and (4) a stay would benefit the public interest by preventing interruption of habitat restoration efforts in Oregon and delay of other states' conservation efforts. However, each of Oregon's arguments fails.

## A. Likelihood of Succeeding on the Merits on Appeal

■ Oregon has not made a sufficient showing that it will likely prevail on the merits on appeal. First, even if this court conceded that Oregon will likely prevail on the issue of whether voluntary measures should be considered in a listing decision, Oregon ignores this court's primary finding that the National Marine Fisheries Service ("NMFS") used an improper time frame for evaluating the risk of species endangerment, rendering its final rule arbitrary and capricious. Oregon has consistently ignored this critical flaw in the final rule which alone is sufficient to sustain this court's Judgment.

Second, this court thoroughly analyzed all of the cases dealing with the type of factors that may be considered in a listing decision. No case law supports Oregon's assertion that voluntary measures may be considered. Further, neither federal defendants nor Oregon submitted any legislative history supporting their argument. This court reached its conclusion based upon previous court decisions regarding permissible listing factors and based upon the intent of the Endangered Species Act ("ESA"). Although the Ninth Circuit may ultimately disagree with this court's interpretation, Oregon has not made a sufficient showing of the likelihood of success on appeal to warrant a stay of Judgment.

Third, Oregon overlooks NMFS's many criticisms of the OCSRI in the final rule. When reviewing a final agency rule pursuant to the Administrative Procedure Act, this court must examine the agency's own justifications for the rule. Here, NMFS found the following: "Overall, however, the habitat measures of the OCSRI *do not currently provide* the protections NMFS considers essential to creating and maintaining the high quality habitat needed to sustain Oregon Coast coho over the long term across a range of environmental conditions." 62 Fed Reg 24,588, 24,607 (May 6, 1997) (emphasis added). This conclusion cannot be rationally reconciled with the NMFS's determination

not to list the Oregon Coast ESU under the ESA.

## B. Irreparable Injury to Oregon

■ Oregon argues that without a stay pending appeal, the following irreparable injuries will occur: (1) citizen, community, and private sector restoration efforts will be diminished; (2) funding for the OSCRI will immediately cease upon a listing of the Oregon Coast ESU under the ESA; and (3) long-term efforts to "refine existing regulatory measures" will be damaged. However, Oregon's arguments stem from a fundamental misinterpretation of this court's Opinion. In addition, the cessation of funding for the OCSRI is a self-inflicted wound.

### 1. Diminished Restoration Efforts by Oregonians

Oregon argues that because voluntary conservation efforts cannot be taken into account in ESA listing decisions, Oregonians will discontinue their conservation efforts. However, this argument assumes that Oregonians have undertaken their many commendable efforts purely to stave off a federal ESA listing. This assumption is unwarranted. An equally plausible assumption is that many of the voluntary efforts have been undertaken to help save imperiled salmon runs because of their importance to Oregon.

Nothing in this court's Opinion implied that voluntary efforts are superfluous to saving the Oregon Coast ESU. Indeed, if the NMFS lists the Oregon Coast ESU as threatened, then it will be the combined efforts of federal agencies, state agencies, and Oregon's citizens that may eventually allow the Oregon Coast ESU to be delisted. However, the issue is whether voluntary efforts give the NMFS the assurance necessary to make a no-list decision. They do not.

### 2. OCSRI Funding

The OCSRI is funded primarily through a two-year privilege tax on timber harvesting that would automatically be repealed if the NMFS lists the Oregon Coast ESU as threatened or endangered under the ESA. Thus, Oregon argues, this court should stay its Judgment pending appeal because the NMFS will likely list the Oregon Coast ESU based on this court's Opinion. Indeed, the loss of the timber tax would be a blow to the OCSRI. However, as characterized by plaintiffs, this automatic repeal based on a federal ESA listing is nothing more than an attempt to blackmail NMFS into a no-list decision.

If Governor Kitzhaber and the Oregon Legislature truly believe that the Oregon Coast ESU's preservation is vital to Oregonians, then they will no doubt quickly move to retain funding for salmon preservation and restoration efforts in the event of an ESA listing. Furthermore, Oregon acknowledges that alternative sources of state or private funding may be obtained to fund salmon recovery efforts.

### 3. Long Term Regulatory Measures

Finally, Oregon argues that because this court held that future conservation measures should not be taken into account in ESA listing decisions, state and local regulatory bodies will simply not bother to adopt long term measures for salmon preservation and restoration. Again, Oregon's argument suffers from the erroneous assumption that the sole purpose of the OCSRI is to prevent a federal ESA listing decision rather than to preserve salmon runs.

Regardless, federal ESA listing need not be a permanent action. If the Oregon Coast ESU is listed and if Oregon is able to adopt adequate enforceable measures, then the Oregon Coast ESU could be delisted. However, NMFS may not make a ESA listing decisions based upon the *hope* that Oregon implements adequate enforceable measures and the *hope* that those measures will be taken in time to save the Oregon Coast ESU.

## C. Injury to Other Parties

■ Oregon argues that the "other parties" in this case are the salmon species themselves. Oregon correctly notes that the NMFS has determined that the Oregon Coast ESU does not face a significant threat to its survival for the next two years. Thus, Oregon argues that the salmon species will not be harmed by a stay. But even if the

Oregon Coast ESU may not become endangered within the next two years, a stay will not necessarily benefit the Oregon Coast ESU. A stay will prevent immediate implementation of significant changes needed to prevent the species from becoming endangered. In fact, the 1997 escapement levels are down significantly from 72,900 fish in 1996 to 22,900 fish, and similar or lower levels are expected in 1998. Affidavit of Thomas Nickelson, ¶¶ 3, 4, 12. Although this drop may have been anticipated, it nonetheless casts doubt on Oregon's confident assertions regarding the Oregon Coast ESU. Thus, this factor does not weigh in Oregon's favor.

### D. *Public Interest*

■ Oregon offers two reasons why a stay will benefit the public interest. It argues first that a stay will prevent interruption of current habitat restoration efforts and, second, that a stay will prevent harm to other states' efforts to conserve species. Again, Oregon's arguments fail.

As already noted, any interruption of habitat restoration would be self-inflicted. This court's ruling in no way mandates that those efforts cease. An ESA listing should be viewed as supplementing those efforts. In addition, this court's Opinion clearly outlines the type of adequate and enforceable measures that NMFS may consider in ESA listings. Other states must comply with the ESA, as must Oregon.

As the Supreme Court noted, "[t]he plain intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, whatever the cost." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 180, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978). This court must follow the law as written by Congress and interpreted by the Supreme Court and the Ninth Circuit. In this case, the NMFS applied an improper legal standard and relied on impermissible factors in making its listing decision. The balance of harms outweighs the benefits of a stay. Thus, this court will not stay its Judgment pending appeal by Oregon to the Ninth Circuit.

### *ORDER*

For the reasons set forth above, defendant-intervenor's Motion to Stay Pending Appeal (docket # 230) is DENIED.